IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alejandro Garcia-Rosales,<br><br>    Petitioner,<br><br>v.<br><br>Kristi Noem, et al.,<br><br>    Respondents. | No. CV-25-03391-PHX-SHD (DMF)<br><br>**ORDER** |

  On September 16, 2025, Petitioner filed a Petition for Writ of Habeas Corpus under § 2241 seeking release from immigration detention because despite being present in the United States since 2006, his request for custody redetermination was denied because he was considered an applicant for admission under 8 U.S.C. § 1225.[1]  Petitioner also filed a motion for injunctive relief.  In its October 6, 2025 Order, the Court ordered Respondents to show cause ("the OSC") why the Petition should not be granted.  (Doc. 17.)  The OSC is fully briefed.  (Doc. 18-19.)  The Court will grant the Petition and order Petitioner's release from custody.

  In its OSC, the Court noted Judge Lanza's recent decision in *Echevarria v. Bondi, et al.*, 2:25-cv-03252-DWL-ESW, 2025 WL 2821282 (D. Ariz. Oct. 3, 2025), which held that individuals like Petitioner are not "arriving aliens" subject to mandatory detention but, rather, are subject to the general removal statute, 8 U.S.C. § 1226(a).  In response, Respondents reiterate the arguments considered and rejected in *Echevarria* and maintain

---

[1] Alternatively, the Immigration Judge held she would grant Petitioner a $10,000 bond.  (Doc. 2-1, Ex. 1.)

individuals who have never been admitted are "seeking admission," and, thus, fall within the ambit of 1225(b)(2)(A)'s language. Specifically, Respondents believe Judge Lanza did not consider other pieces of statutory context, including another provision of § 1225 that indicates "[a]ll aliens who are applicants for admission or otherwise seeking admission . . . shall be inspected by immigration officers." 8 U.S.C. § 1225(a)(3). But, again, using the present tense of the word "seek" in the context of an individual who has been in the United States for nearly twenty years stretches the statutory language beyond its breaking point. As indicated in the OSC, the Court is persuaded by Judge Lanza's decision and rejects the arguments made for the same reasons cited in his decision. And while Respondents point to two district court opinions adopting their interpretation of § 1225(b)(2)(A), myriad other district courts have reached the same conclusion as *Echevarria* and held individuals like Petitioner are not subject to mandatory detention under 1225(b)(2)(A). *See, e.g.*, *Hasan v. Crawford*, No. 25-cv-1408 (LMB/IDD), 2025 WL 268225, at *9 (E.D. Va. Sept. 19, 2025); *Lepe v. Andrews*, No. 25-cv-01163-KES-SKO, 2025 WL 2716910, at *5 (E.D. Cat. Sept. 23, 2025); *Salazar v. Dedos*, No. 25-cv-00835-DHU-JMR, 2025 WL 2676729, at *4 (D.N.M. Sept. 17, 2025); *Lopez Santos v. Noem*, No. 25-cv-01193, 2025 WL 2642278, at *5 (W.D. La. Sept. 11, 2025); *Lopez-Campos v. Raycraft*, No. 25-cv-12486, 2025 WL 2496379, *8 (E.D. Mich. Aug. 29, 2025); *Martinez v. Hyde*, No. 25-11613-BEM, 2025 WL 2084238, at *8 (D. Mass. July 24, 2025).

Moreover, Respondents' own documents compel the conclusion Petitioner is not subject to mandatory detention under § 1225(b)(2)(A). Petitioner correctly notes the July 11, 2025 bond order indicated Petitioner's removal proceedings arose under § 1226 and ordered his release on a $10,000 bond. (Doc. 19-1, Ex. 17.) Indeed, after DHS appealed the bond order, the Board of Immigration Appeals explicitly noted the Immigration Judge's custody redetermination was conducted under § 1226. (*Id.*) Section 236 of the Immigration and Nationality Act corresponds with 8 U.S.C. § 1226. *Martinez*, 2025 WL 2084238 at *1 (D. Mass. July 24, 2025). Respondents do not address the obvious discrepancy between the Immigration Judge's July 11, 2025 bond order and its current

position, nor do they explain why it is permissible to unilaterally reclassify Petitioner's detention as authorized under § 1225 when he was originally told he was placed in removal proceedings under § 1226.

For all these reasons, the Petition is granted.

**IT IS THEREFORE ORDERED** Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted** as to his Second Claim for Relief.  The Petition and all remaining motions are otherwise denied without prejudice as moot.

**IT IS FURTHER ORDERED** Respondents must immediately release Petitioner from custody under the same conditions that existed before his detention, provide him with a bond hearing within 15 days, or allow Petitioner to be released on the bond alternatively set by the Immigration Judge.

**IT IS FURTHER ORDERED** Respondents must provide a Notice of Compliance within three days of Petitioner's bond hearing or his release.

**IT IS FINALLY ORDERED** the Clerk shall enter judgment in Petitioner's favor and close this case.

Dated this 22nd day of October, 2025.

_____
Honorable Sharad H. Desai
United States District Judge